

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2003

# In Re: RFE Ind

Precedential or Non-Precedential: Non-Precedential

Docket 02-2451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re: RFE Ind " (2003). *2003 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 02-2451
———————

IN RE: RFE INDUSTRIES,

Debtor

JOHN J. GIBBONS, TRUSTEE FOR THE ESTATE OF
RFE INDUSTRIES, INC.

v.

ANTON NOLL, INC.; FRY'S METALS, INC.;
WESTBURY ALLOYS, INC.

FRY'S METALS, INC.,

Defendant/Third-Party Plaintiff

v.

SPARFVEN & CO., INC.; MICHAEL SPARFVEN;
CAMERON & MITTLEMAN, LLP,

Third-Party Defendants

FRY'S METALS, INC.,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 99-cv-334)
District Judge: The Honorable Dennis M. Cavanaugh

———————

Argued on December 10, 2002
Before: FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>, and WALLACH,* <u>Judge</u>

(Opinion Filed: March 14, 2003)

_____

* The Honorable Evan J. Wallach, United States Court of International Trade, sitting by
designation.

———————————

OPINION OF THE COURT

FUENTES, Circuit Judge.

This appeal came to this Court from an order of the District Court which had refused to reopen an earlier District Court ruling made by Judge Barry, who at that time had been on the District Court before she became a member of this Court. See Gibbons v. Anton Noll, Inc., No. 99 Civ. 334, slip op. at 7 (D.N.J. Apr. 23, 2002).

We were satisfied that the settlement at issue between the Trustee and Fry's Metals, Inc. ("Fry's") should not be approved or disapproved until the Bankruptcy Court had applied the factors set forth in In re Martin, 91 F.3d 389 (3d Cir. 1996), as ordered by this Court in In re RFE Industries, 283 F.3d 159 (3d Cir. 2002) ("RFE I").

In short, we were satisfied that the law of the case required the Martin factors, with the modifications suggested in RFE I, to be applied by the Bankruptcy Court, and to that extent, we were prepared to affirm Judge Cavanaugh's ruling, even though we relied on a different ground. See, e.g., PAAC v. Rizzo, 502 F.2d 306, 308 n.1 (3d Cir. 1974), cert. denied, 419 U.S. 1108 (1975).

Prior to informing the Bankruptcy Court and the parties of this disposition, the Bankruptcy Court complied with the mandate of RFE I, and in an oral decision on February 7, 2003, the Bankruptcy Court applied the Martin factors as modified by RFE I; again disapproved of the settlement; determined that the creditors were paid in full; that the bankruptcy proceeding was over; discharged the Trustee; and stated that the case would not be heard in the

2

Bankruptcy Court. That order was entered by Bankruptcy Judge Stern on February 19, 2003.

The bankruptcy proceeding that we would have ordered, having taken place before our opinion was filed, has raised the question whether the appeal that has been pending from Judge Cavanaugh's order should be dismissed as moot.

Because we have had no input from the parties on this latter question, it is now hereby ORDERED that counsel for Fry's, the appellant, show cause as to why we should not dismiss the appeal of Judge Cavanaugh's order as moot, or advise as to a different disposition. The order to show cause need not be responded to orally, unless after having heard from both parties, the Court so orders. We will require that a written memorandum setting forth Fry's position be served and filed with the Clerk of Court in Philadelphia no later than noon, Friday, March 21, 2003, and that the response thereto of appellee RFE Industries, Inc. (now known as Metallix, Inc.) be served and filed no later than noon, Wednesday, March 26, 2003.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge